UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS KIDD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-985 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Carlos Kidd, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), filed a complaint alleging civil rights violations resulting from his detention in a stripped cell. Kidd, proceeding *pro se* and *in forma pauperis*, sues numerous employees of TDCJ.

The threshold issue is whether Kidd's claim should be dismissed as frivolous. The court concludes that Kidd's claim lacks merit and should be dismissed for the reasons stated below.

### I.    Kidd's Allegations

Kidd alleges that the defendants have confined him to a "stripped cell," *i.e.*, a cell containing nothing but a blanket and a metal bunk, from July to August 2008, and from November 4 to December 4, 2009. Plaintiff's More Definite Statement ("MDS"). He contends that his housing in the stripped cell was a result of prison overcrowding. As a result of this harsh confinement, he contends that he suffered neck and back pain, depression, and post traumatic stress disorder. He asserts that these conditions of confinement violate the Eighth Amendment ban on cruel and unusual punishment.

## II.     Standard of Review

A district court must *sua sponte* dismiss a prisoner's *in forma pauperis* § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  Under 28 U.S.C. § 1915(e)(2)(B)(I), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren,* 134 F.3d 732, 734 (5th Cir. 1998)).  The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke,* 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)), *cert. denied*, 130 S.Ct. 3368 (2010).  The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).   A complaint is frivolous if it lacks an arguable basis in law or fact.  *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

## III.    The Administrative Records

"Expansion of the record protects the unskilled litigant and enables the court to make an informed decision regarding the merits of an action by reference to the reality of the situation rather than by speculating as to the nature of the claim." *Cay v. Estelle*, 789 F.2d 318, 324 (5th Cir. 1986)(quoting *Anderson v. Coughlin*, 700 F.2d 37, 41 (2nd Cir. 1983)).  In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the Tenth Circuit approved a district court's order that prison officials investigate the facts surrounding a civil rights suit by inmates to construct "an administrative record . . . to enable the trial court to . . . make a determination [of frivolity] under section 1915(a)." *Id*. at 319.  The trial court had required the defendants to attach all relevant

reports to their answers. *See also Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975) (alluding to use of a "special report" filed by prison officials in response to prisoner's claim). Use of the *Martinez* Report has been approved by the Fifth Circuit in *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986) and *Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992).

This court ordered the Attorney General's Office for the State of Texas, acting as *amicus curiae*, to provide a *Martinez* report. (Docket Entry No. 8). The Attorney General's Office also submitted relevant records. (Docket Entry No. 15). Kidd filed a response to the *Martinez* report. (Docket Entry No. 18).

The records show that Kidd purposely ingested razor blades, and inserted razor blades and other foreign objects into his penis through the urethra on various dates in July 2008, May and August 2009, and December 2010. *Martinez* Report, Exh. A 105, A 39, A 19, A 4, A 523, A 389. In August 2008, Kidd stated that he was suicidal and would harm himself again if not placed in seclusion. Exh. A 216. Kidd made other statements threatening self-harm and suicide, and requested to be put in seclusion for his own protection. *See*, *e.g.*, Exh. A 326, 652.

## IV.    Eighth Amendment

Kidd contends that his confinement in the stripped cell amounted to cruel and unusual punishment in violation of the Eighth Amendment because the defendants placed him in those conditions due to prison overcrowding and without any valid penological purpose.

> "The Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995) (internal quotations omitted). A two-part test determines whether a prisoner has established a constitutional violation. *See Woods*, 51 F.3d at 581. First, he must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some

> basic human need." *Id.* (quotation omitted). Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement.

*Harper v. Showers,* 174 F.3d 716, 719-20 (5th Cir.1999) (footnotes omitted). The deliberate indifference standard requires a showing of "unnecessary and wanton infliction of pain . . .." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Kidd does not argue that the use of a stripped cell is never justified under the Eighth Amendment. Rather, he argues that it violated the Eighth Amendment in his case because he was held in these conditions due to prison overcrowding.

The administrative record establishes that Kidd was placed in a stripped cell because he committed several acts intended to harm himself, and threatened to commit additional acts of self- harm and to commit suicide. Confining Kidd under conditions that deprived him of access to implements he could use to harm himself, and under which he was subject to close supervision, was not deliberately indifferent to Kidd's needs. It was a reasonable and necessary response to Kidd's actions and threats. The record establishes that Kidd was placed in these conditions for a limited duration under the direction and supervision of mental health professionals. *See*, *e.g.*, Exh. A 105. Kidd's assertion that he was placed in these conditions due to prison overcrowding is purely speculative and is undermined by the administrative record.

## V. Conclusion

The action filed by Carlos Kidd lacks an arguable basis in fact. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(I). Any remaining pending motions are denied as moot.

## VI. Order

For the foregoing reasons, it is ORDERED that the complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

The Clerk will provide a copy of this order to all parties.

SIGNED on this 28th day of October, 2013.

_____
Kenneth M. Hoyt
United States District Judge